# **MEMO ENDORSED**

STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

February 20th, 2020

The Honorable Edgardo Ramos
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square – Court room 619
New York, NY 10007

> Re: Antolini vs. Sassouni, et al
> Case No.: 19-cv-08496 ER
> Rule 37 Pre-Motion Letter to Strike Pleadings

Dear Judge Ramos,

I represent the Plaintiff in the above-entitled action and further to your Individual Rules of Practice, 2.A. I & ii, we seek a conference to enable Plaintiff to file his Motion to Strike Defendants' Answer.

This ADA lawsuit was filed more than five months ago and to date the defendants behavior has been to obstruct, stonewall and incumber the prosecution of the matter, thus enabling them to continue to operate a Public Accommodation in violation of federal law.

After service was effectuated on all of the defendants' I conferred with defense counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Thereafter, on October 28, 2019, Plaintiff served his five Requests for Discovery. What has since ensued leads to the Plaintiff's Motion to Strike the defendants Answer.

In response to Plaintiff's Discovery Requests, five in all, defendants chose to reply to just one. Those purported responses were a sham, i.e., completely hollow, leading to a complete waste of our time in reading them. To each and every request contained in our Document Requests, in total 35, the response was the same:

*Defendants object to this request as being unduly burdensome, vague, overbroad and the provision of said information, if available, as not reasonably leading to any material information relevant to the claims of this lawsuit. Notwithstanding said general and specific objections and without waving same, Defendants will produce any responsive documents, to the extent that they are available.*

The Requests, as do the others go to the very heart of this lawsuit.

Moreover, there was no response, at all, to (1) Plaintiff's Request for Production pursuant to Rule 26 (a)(2), (2) Plaintiff's First Set of Interrogatories (3) Plaintiff's First Request for Fact and Expert Witness Interrogatories and (4) Plaintiff's Rule 34 Inspection notice. I have attempted with a litany of phone calls to schedule a Rule 34 Inspection of the subject premises. There has been no response by defendants.

Adding insult to injury, defendants sent us a diagram over three months ago which gives the impression that repairs are underway at the Subject Facility. However, nothing could be further from the truth. In response to that submission, we wrote to defense counsel and asked for the following:

1. Scope of work prepared for the facility which is the subject of the instant lawsuit as are the following;
2. Proposal(s) of work to be performed in furtherance of ADA compliance;
3. List of names of contractor(s) along with their New York Contractor's license who have or will perform the work;
4. Resumes/CVs' of contractor(s) who have or will perform the work;
5. Any and all architecture plans pertaining to ADA compliance at the facility;
6. Any and all permits submitted to local city, county, state & federal authorities for ADA compliance at said facility;
7. Names and address of any/all ADA experts who were/are involved at the facility for ADA compliance;
8. Copies of any and all contracts let in the performance of the ADA work at the facility;
9. Copies of any and all invoices reflecting payment in the furtherance of the facility complying with the ADA;
10. Copies of any and all cancelled checks reflecting payment in the furtherance ADA compliance at the facility.   We never received a response to this as well.

In addition, in my meet and confer with defense counsel this week he responded by sending me the exact same diagram that he sent months ago and nothing else.

Defendants are in violation of your Order and as such Rule 37(b}(2)(A), (C} of the Federal Rules of Civil Procedure which states:

"(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a}, the court where the action is pending may issue further just orders. They may include the following:

(i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)      prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)     striking pleadings in whole or in part;
(iv)     staying further proceedings until the order is obeyed;
(v)      dismissing the action or proceeding in whole or in part;
(vi)     rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination....

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Therefore, respectfully, Plaintiff seeks his remedies available at law, including but not limited to the striking of the Defendants' pleadings in whole.

Very truly yours,

Stuart H. Finkelstein

The motion is DENIED without prejudice.  The plaintiff may move after March 7, 2020 to hold a pre-motion conference to discuss these discovery disputes.

SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated:  Mar. 2, 2020
New York, New York

SHF/tc
To all counsel of record via Pacer